**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 1 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-647 |
| Plaintiff - Appellee, | D.C. No. 2:19-cr-00133-APG-VCF-9 |
| v. | |
| RENEA BARNES, AKA Renea Valdez, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted February 21, 2024**

Before:  FERNANDEZ, NGUYEN, and OWENS, Circuit Judges.

Renea Barnes appeals pro se from the district court's order denying her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Barnes argues that the district court abused its discretion in concluding that she lacked extraordinary and compelling circumstances warranting compassionate release. She contends that the Bureau of Prisons is not treating her medical conditions adequately and that, if she were to experience a medical emergency in prison, she would not get the necessary care.

To the extent Barnes relies on a 2023 Department of Justice Report to support her claims, that report was not issued until after the district court decided Barnes's motion and thus, is not part of the record on appeal. *See* Fed. R. App. P. 10(a); *Rudin v. Myles*, 781 F.3d 1043, 1057 n.18 (9th Cir. 2015). Regardless, Barnes has not shown that the court abused its discretion in determining that her health conditions did not justify relief. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record). As the district court noted, Barnes's conditions were "not uncommon for a person her age," there were no reported cases of COVID-19 at Barnes's prison at the time her motion was filed, she had been vaccinated against the virus, and her medical records appeared to show she was receiving adequate care.

**AFFIRMED.**